UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRANS STATES AIRLINES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07CV1876 RWS |
| ) | |
| COMMONWEALTH AVIATION ) | |
| SERVICE, INC., d/b/a MILLION AIR ) | |
| ) | |
| and ) | |
| ) | |
| MILLION AIR INTERLINK, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER OF TRANSFER

This matter concerns a collision between a fuel truck and a commercial aircraft in Richmond, Virginia. Plaintiff Trans States Airlines, Inc. filed suit against Defendants in the Circuit Court of St. Louis County Missouri. Defendants removed the case to this Court and moved to dismiss the matter based on a lack of personal jurisdiction over the Defendants. In the alternative, Defendants seek a transfer of the matter to the federal court in Richmond. Because I find that venue is improper in this District, I will transfer the case to the United States District Court for the Eastern District of Virginia.

*Background*

On February 6, 2006, a fuel truck collided with a Trans States commercial aircraft which was parked in Gate B-15 at the Richmond International Airport. Trans States filed a petition in Missouri state court seeking to recover damages for the injury to its plane. The petition alleges

that the fuel truck bore the "Million Air" logo on the side of the truck. Trans States sued both Defendants asserting that they are liable for Trans States' damages.

Plaintiff is a citizen of Missouri. Defendant Commonwealth Aviation Service, Inc., d/b/a Million Air (Commonwealth), is a Virginia corporation with its principal place of business in Richmond, Virginia. Defendant Million Air Interlink, Inc. (Million Air) is a Delaware corporation with its principal place of business in Houston, Texas.

Defendants both filed motions to dismiss for lack of personal jurisdiction and, in the alternative, seek a transfer of venue to the United States District Court of the Eastern District of Virginia.[1] I granted Trans States motion to conduct discovery on the personal jurisdiction issue. The motions to dismiss or transfer have recently been fully briefed.

*Analysis*

After a review of the record I find that Trans States' assertion of personal jurisdiction over the Defendants in Missouri is extremely tenuous at best. However, I decline to engage in a detailed analysis of the issue because this matter has clearly been filed in the wrong venue.

This case was originally filed in the Circuit Court of St. Louis County Missouri. Upon removal to this Court the question arose as to whether venue in this district was proper because the event that caused the underlying injury occurred in the jurisdiction of the United States District Court of the Eastern District of Virginia.

Under 28 U.S.C. § 1391(a), when jurisdiction is founded only on diversity of citizenship, as in the present case, the action may be brought **only** in 1) a judicial district where any

---

[1] I note that Defendants also asserted that they were not properly served in this matter. That objection seems to have been mooted because Defendants have not pursued that claim in their subsequent filings in this matter.

defendant resides, if all of the defendants reside in the same State; 2) a judicial district where a substantial part of the events giving rise to the claim occurred; or 3) a judicial district in which the defendant is subject to personal jurisdiction *if there is no district in which the action may otherwise be brought*. Under this standard only section 1391(a)(2) applies to this matter. This case could only have been brought in the Eastern District of Virginia where the events giving rise to the claim occurred. Based on the foregoing, it is clear that venue in the Eastern District of Missouri is not proper.

When a case is filed in wrong district, the court may either dismiss the case or, in the interest of justice, transfer it to a district court where venue is proper. 28 U.S.C. § 1406(a). Rather than dismissing the case I will transfer it to the Eastern District of Virginia.

In the alternative, I will transfer the matter to the Eastern District of Virginia under 28 U.S.C. § 1404(a). This accident occurred in Richmond, Virginia. The key eyewitnesses to the event and the subsequent first responders to the accident scene are all located in Richmond. Other potential witness such as airport personnel and investigators are also located in Richmond. Most if not all of these witnesses are beyond the subpeona power of this Court. Many pertinent records and documents are located at the airport's offices and at Commonwealth's facility in Richmond. In addition, Virginia law will more than likely control Plaintiff's claims.

All of these factors weigh in favor of transfer. I find that in the interest of justice and for the convenience of the parties, this case should be transferred to United States District Court of the Eastern District of Virginia.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Commonwealth Aviation Service, Inc.'s

and Defendant Million Air Interlink, Inc.' motion to dismiss, or in the alternative, motion to transfer venue [#10 and #12] are denied in part and granted in part. The motions to dismiss are **DENIED**. The motions to transfer venue are **GRANTED**.

**IT IS FURTHER ORDERED that** Clerk of Court shall transfer this action to the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. 1406(a) and 28 U.S.C. § 1404(a).

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 1st day of February, 2008.